IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BLUEVINE CAPITAL, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:17-CV-3265-L** |
| **UEB BUILDERS, INC.,** | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant UEB Builders, Inc.'s Motion to Dismiss Amended Complaint ("Motion") (Doc. 20), filed June 5, 2018. After considering Defendant's Motion, Plaintiff's response, Plaintiff's pleadings, and applicable law, the court **denies** UEB Builders, Inc.'s Motion to Dismiss Amended Complaint (Doc. 20).

## I. Procedural Background

Plaintiff Bluevine Capital Inc. ("Plaintiff") originally brought this action against Defendant UEB Builders Inc. ("Defendant") in state court in the 270th Judicial District Court, Harris County, Texas. The case was subsequently removed to federal court on October 16, 2017, and transferred to the Northern District of Texas, Dallas Division. In its Amended Complaint, the live pleading in this case, Plaintiff seeks to recover, as a secured creditor, $323,010 from Defendant for amounts alleged to be due under business accounts assigned to it by Alpha Select Electrical LLC ("Alpha"). Alternatively or in addition, Plaintiff alleges that it is entitled to recover this amount from Defendant under the equitable theory of quantum meruit or as a result of actionable misrepresentations by Defendant that it would pay the amounts owed under the accounts, which induced or caused Alpha

to continue advancing funds and extending financial accommodation. Plaintiff also seeks to recover attorney's fees, prejudgment and postjudgment interest, and costs of court.

On June 5, 2018, Defendant filed its Motion, contending that the claims asserted in Plaintiff's Amended Complaint fail to state a claim upon which relief can be granted. Defendant's Motion is made pursuant to Federal Rules of Civil Procedure 8(a) and (d) and 12(b)(6), (e), and (f). Defendant also contends that Plaintiff's fraud claim is not pleaded with particularity as required by Rule 9(b). Plaintiff disagrees and filed a response in opposition, contending that Defendant's Motion mischaracterizes its pleadings in a number of respects. No reply was filed by Defendant in support of its Motion.

The court focuses on Defendant's contention that Plaintiff has failed to state claims for relief under Rule 12(b)(6), as resolution of this issue disposes of Defendant's contentions or any relief sought by it under Rules 8(a) and (d) and Rule 12(e) and (f).*

## II. Applicable Legal Standards

### A. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

---

\* As herein explained, Rule 8(a) sets forth the general pleading standard. Rule 8(d) explains that claims may be pleaded in the alternative. Rule 12(e) allows a court to require a plaintiff to plead with more definiteness if the pleadings are "so vague or ambiguous" that a party cannot reasonably prepare a response. Rule 12(e) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

**Memorandum Opinion and Order – Page 2**

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.

**Memorandum Opinion and Order – Page 3**

*Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

B.  **Rule 8(a) - Pleading Requirements**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intell. & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

C.  **Rule 9(b) - Heightened Standard for Pleading Fraud**

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-CV-1747-B, 2011 U.S. Dist. LEXIS 65912, at *7, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*,

112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

### III. Discussion

As noted, Plaintiff contends that Defendant's Motion mischaracterizes its pleadings in a number of respects. In particular, Plaintiff asserts that, contrary to Defendant's repeated contention, it has not brought suit on a sworn account under Texas law but, instead, sues to recover amounts due under an open account. Plaintiff further asserts that it is irrelevant that it was not a party to the transactions at issue because it is suing as Alpha's assignee, which it is entitled to do under Texas law. In addition, Plaintiff contends that it is entitled under the Federal Rules of Civil Procedure to assert claims, such as its quantum meruit and tort claims, in the alternative. Finally, Plaintiff contends that its pleadings, which include the documents attached to its Amended Complaint, are more than sufficient to satisfy Rule 9(b)'s particularity pleading requirement.

The elements of and law applicable to the claims asserted by Plaintiff are set forth in Plaintiff's response to Defendant's Motion and need not be repeated herein for purposes of ruling on Defendant's Motion. *See* Pl.'s Resp. 2-5. Further, the court agrees with Plaintiff and determines that the allegations in its Amended Complaint regarding the claims asserted are sufficient for purposes of Rules 8 and 9(b). Thus, dismissal of Plaintiff's claims under Rule 12(b)(6), for the reasons argued in Defendant's Motion, is not warranted at this stage of the litigation, particularly without further development of relevant facts or law or both, which is better suited for resolution in the context of a motion for summary judgment or at trial. Moreover, Defendant has not set forth any

reason or demonstrated that it is entitled to relief under Rule 12(e) or (f) applicable to motions for more definite statement and motions to strike pleadings.

IV. **Conclusion**

For the reasons stated, the court concludes that dismissal of Plaintiff's claims under Rule 12(b)(6) or 9(b) on the grounds asserted by Defendant is not appropriate, and Defendant has not demonstrated that it is entitled to relief under Rules 12(e) or (f). Accordingly, the court **denies** UEB Builders, Inc.'s Motion to Dismiss Amended Complaint (Doc. 20).

**It is so ordered** this 9th day of January, 2019.

Sam A. Lindsay
United States District Judge